UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RUSSELL D. COPELAND

                                                                                                 SECOND AMENDED COMPLAINT
                                                                                                     07 CIV 8044

                  Plaintiff,

   -against-

THE VERTICAL ATMOSPHERE INC. and
TAYFUN HEKIUM,
                          Defendants
-----------------------------------------------------------------------X

       Plaintiff, by their attorneys, FRANK & ASSOCIATES, P.C., as and for their Complaint, respectfully allege, upon information and belief:

1. At all times herein mentioned, Plaintiff Russell D. Copeland is a resident of the County of Bronx, State of New York.

2. Plaintiff brings this civil action seeking monetary damages based upon Defendant's violations of the New York State Human Rights Law (hereinafter (NYSHRL)), N.Y. EXEC. LAW § 296 *et seq.*, the New York City Human Rights Law (hereinafter (NYCHRL)), N.Y.C. Admin. Code § 8-107 *et seq.*, Defendants refusal to pay Plaintiffs a rate of not less than one and one-half (1/2) times the regular rate for all hours worked over forty (40) hours per week in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et.* and the New York State Labor Law (hereinafter NY Labor Law), N.Y. Lab Law 190, 215, et seq., and other appropriate rules, regulations, statutes and ordinances.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the Defendant pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. This action properly lies in the United States District Court for the Southern District New York, pursuant to 28 U.S.C. §1391, because the unlawful employment practices occurred within this district.

## PARTIES

5. At all times relevant herein, Plaintiff was an "employee" within the meaning of New York State Labor Law § 190(2), an "employee" within the meaning of 29 U.S.C. § 203(e) (1), "employee" within the meaning of Section 292(1) of the New York State Human Rights Law, and "employee" within the meaning of Section 8-102(1) of the New York City Human Rights Law.

6. Upon information and belief, defendant is a domestic corporation doing business at 400 East Gun Hill Road, Bronx, New York 10467, engaged in the business of manufacturing, selling and installing window shades and is an "employer" of the Plaintiff in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d) and N.Y. LAB. Law § 190(3).

7. Defendant, Tayfun Hekium is as an agent, servant and/or employee of The Vertical Atmosphere Inc.

8. At all times herein mentioned, Defendant has employed four (4) or more Persons within the meaning of Section 292(5) of the NYSHRL, Section 8-102(5) of the NYCHRL.

9. Plaintiff is a "person" within the meaning of 29 U.S.C. § 203(a), and has been a non exempt employee within the meaning of FLSA and New York State Labor Law, and is entitled to overtime pay.

## STATEMENT OF FACTS

10. Plaintiff repeats and realleges each and every allegation contained herein.

11. Plaintiff is an African-American male.

12. On or about June 2005, Plaintiff was hired by Defendant in the position of clerk.

13. Plaintiff's duties consisted of maintaining the store, placing orders and customer service.

14. At all times relevant, Plaintiff was qualified for the positions by virtue of his skill, experience and ability.

15. Plaintiff regularly worked in excess of forty (40) hours each workweek. Throughout the term of Plaintiff's employment, Defendant, Vertical Atmosphere Inc. failed to compensate Plaintiff with overtime pay for time worked in excess of forty (40) hours per week at a rate of not less than one and one-half (1½) times his regularly hourly rate in violation of New York State Labor Law and the FLSA.

16. On or about August 2006, prior to leaving on a one week vacation, Plaintiff complained to Defendant, Vertical Atmosphere Inc. that he was not getting paid overtime for the hours he worked.

17. Defendant, Vertical Atmosphere Inc. failed to pay Plaintiff's promise commission of 10% from on or about September 5, 2006 to December 2006 which is a violation of New York Labor Law.

18. Also, Plaintiff complained to Defendants that he did not like to be treated like a "Nigga Servant."

19. After Plaintiff returned from vacation, Defendants hired someone else to perform most of Plaintiff's duties because Plaintiff was told he was being promoted.

20. Plaintiff was not promoted.

21. On or about September 2006, Plaintiff's hours of work began to decline and was told by Defendants that he was not needed full time.

22. On December 23, 2006, Plaintiff was terminated because allegedly things were "tight."

23. Defendants told Plaintiff he would receive a Christmas bonus, but he never received the bonus.

24. Defendants' alleged reason for the termination of Plaintiff's employment was a pretext because Plaintiff was terminated on the basis of his race/color and for retaliation of his complaints about not being paid overtime work.

**FIRST CLAIM FOR RELIEF**
(NYSHRL – Race/Color Discrimination)

25. Plaintiff repeats and realleges each and every allegation contained herein.

26. Plaintiff has been discriminated against by Defendant, Vertical Atmosphere Inc. on the basis of his race and color in violation of NYSHRL.

27. As a proximate result of Defendant, Vertical Atmosphere Inc. discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other supplemental employment benefits, in an amount to be determined at trial.

28. As a further proximate result of Defendant, Vertical Atmosphere Inc. actions, Plaintiff has suffered and continues to suffer loss of reputation, emotional and mental distress, and embarrassment, personal humiliation and anguish, and other compensatory damages, in an amount to be determined at trial.

29. The conduct of Defendant, Vertical Atmosphere Inc. was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief in an amount to be determined at trial.

**SECONDCLAIM FOR RELIEF**
(NYCHRL – Race/Color Discrimination)

30. Plaintiff repeats and realleges each and every allegation contained herein.

31. Plaintiff has been discriminated against by Defendant, Vertical Atmosphere Inc. on the basis of his race and color in violation of NYCHRL.

32. As a proximate result of Defendant, Vertical Atmosphere Inc. discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other supplemental employment benefits, in an amount to be determined at trial.

33. As a further proximate result of Defendant, Vertical Atmosphere Inc. actions, Plaintiff has suffered and continues to suffer loss of reputation, emotional and mental distress, embarrassment, personal humiliation and anguish, and other compensatory damages, in an amount to be determined at trial.

34. The conduct of Defendant, Vertical Atmosphere Inc. was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(Aider and Abettor)

35. Plaintiffs repeat and reallege each and every allegation contained herein.

36. That the forgoing acts pleading above were aided and abetted by, and with the full knowledge and consent of Defendant, Tayfun Hekium in violation of Section 296 (6) of the NYSHRL.

37. As a proximate result of the actions of Defendant, Tayfun Hekium, Plaintiff has suffered and continues to suffer substantial loss of past and future earning, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

38. As a further result of the actions of Defendants, Tayfun Hekium, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other

incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
( FLSA Violation)

39. Plaintiffs repeat and reallege each and every allegation contained herein.

40. At all times relevant, Plaintiff was employed by Defendant, Vertical Atmosphere Inc. as non-exempt employees.

41. Plaintiff regularly performed work for Defendant, Vertical Atmosphere Inc. in excess of forty (40) hours per week.

42. Defendant, Vertical Atmosphere failed, refused and/or neglected to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1½) times the regular rate for all hours worked over forty (40) hours per week in violation of the FLSA.

43. Defendant, Vertical Atmosphere Inc. failure to make overtime payments was willful within the meaning of the FLSA.  Defendant, Vertical Atmosphere Inc. is therefore required to pay Plaintiff unpaid overtime for a three (3) year period preceding the commencement of this action through the date of judgment.  29 U.S.C. § 216(b).

44. Defendant, Vertical Atmosphere Inc. failure in refusing or neglecting to pay Plaintiff overtime compensation was not made in good faith.  Defendant, Vertical Atmosphere Inc. is therefore required to pay liquidated damages to Plaintiff pursuant to FLSA, 29 U.S.C. §§ 207 and 216.

45. Accordingly, pursuant to the FLSA, 29 U.S.C. §§ 207 and 216, Defendant, Vertical Atmosphere Inc. is liable to Plaintiff for a three (3) year period to reimburse Plaintiff for the following: (a) actual damages for unpaid overtime calculated at one and one-half (1½) times the regular rate for all hours worked over forty (40) hours per week; (b) an equal amount of

liquidated damages as provided by the FLSA; and (c) reasonable attorneys' fees, costs and disbursements incurred in this action, all in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
(Failure to pay Overtime-New York Labor Law Violation)

46. Plaintiff repeats and realleges each and every allegation contained herein.

47. Defendant, Vertical Atmosphere employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 ½) times the regular hourly rate, contrary to the requirements of the New York State Labor Law.

48. As a result of the underpayment of wages, Plaintiff incurred damages under New York Labor Law, and Defendant, Vertical Atmosphere Inc. is therefore indebted to Plaintiff for the unpaid overtime compensation for the period in question.

49. The records of hours worked by Plaintiff show that Plaintiff worked 20 hours. However, upon information and belief, Plaintiff worked in excess of 55 hours and failed to receive overtime.

50. Plaintiff is entitled to liquidated damages, attorney's fees, costs and disbursements, plus interest and other relief based upon Defendant, Vertical Atmosphere Inc. violation of New York Labor Law.

### SIXTH CLAIM FOR RELIEF
(Failure to pay wages- New York Labor Law)

51. Plaintiff repeats and reallleges each and every allegation contained herein.

52. Defendant, Vertical Atmosphere Inc. promised Plaintiff a commission of 10% but refused to compensate Plaintiff the commission he earned from on or about September 5, 2006 to December 2006.

53. As a result of Defendant, Vertical Atmosphere failure to pay Plaintiff wages, Plaintiff incurred damages under New York Labor Law, and Defendant, Vertical Atmosphere Inc. is therefore indebted to Plaintiff for the unpaid commission for the period in question.

54. Plaintiff is entitled to liquidated damages, attorney's fees, costs and disbursements, plus other relief based upon Defendant, Vertical Atmosphere Inc. violation of New York Labor Law.

### SEVENTH CLAIM FOR RELIEF

(Retaliation under NYSHRL and NYCHRL)

55. Plaintiff repeats and realleges each and every allegation contained herein.

56. Defendant violated NYSHRL and NYCHRL by retaliating against Plaintiff by taking adverse actions against Plaintiff because of his complaints of race discrimination which resulted in the unlawful termination of Plaintiff's employment.

57. Defendant knew or should have known about the retaliatory actions against Plaintiff.

58. Defendant failed or refused to take reasonable action to correct the retaliatory actions against Plaintiff.

59. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

60. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other

incidental and consequential damages and expenses.

61. The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of actual and compensatory damages, and expenses from Defendant in an amount to be determined at trial.

### EIGHTH CLAIM FOR RELIEF
(Violation of New York State Labor Law § 215 – Retaliatory Termination)

62. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint as if fully set forth herein.

63. Plaintiff made continuous complaints to Defendant, specifically but not limited too complaints, for payment of overtime he was not receiving in violation of law.

64. Defendant retaliated for the complaints by terminating Plaintiff in violation of the New York State Labor Law § 215.

65. As a result, Defendant is liable to Plaintiff for: (a) reinstatement; (b) lost wages, past, present and future, benefits with interest from the date of Defendant unlawful actions; (c) liquidated damages in the amount of twenty-five percent (25%) of the total amount due Plaintiffs pursuant to New York Labor Law § 198; and (d) reasonable attorney's fees, court costs and disbursements incurred in this action.

### DEMAND FOR JURY TRIAL

67. Plaintiff repeats and realleges each and every allegation contained herein.

68. Plaintiff demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment:

a) Declaring Defendants willfully violated the aforementioned statutes;

b) A permanent injunction enjoining Defendants, its agents, employees, officers and successors in interest and those acting in concert with Defendants, from engaging in the illegal and unlawful customs, policies and practices described herein;

c) With regards to the First, Second , Third and Seventh Claims for Relief: Awarding Plaintiff back pay, front pay, and all benefits that would have been afforded Plaintiff but for said discrimination with pre-and post-judgment interest; compensatory damages and damages for mental anguish and emotional distress; punitive damages;  attorneys' fees and costs and disbursements of this action.

d) With regards to the fourth Claim for Relief: actual damages for unpaid overtime wages calculated at the rate of not less than one and one-half (1½) times the regular rate for all hours worked over forty (40) hours per week for the three (3) year period preceding the commencement of this action through the date of judgment; (b) an equal amount as liquidated damages as provided by statute; and (c) reasonable attorneys' fees, costs and disbursements incurred in this action, all in an amount to be determined at trial.

e) With regards to Fifth Claim for Relief, Awarding Plaintiffs (a) actual damages for unpaid overtime payments calculated at a rate of not less than one and one-half (1½) times the regular rate for all hours worked over forty (40) hours per week for preceding commencement of this action through the date of judgment pursuant to N.Y. LAB. Law § 198(3); (b) reasonable attorneys' fees, costs and disbursements incurred in this action and liquidated damages equal to twenty-five percent (25%) of the total amount of the wages found to be due pursuant to N.Y. LAB. Law § 198(1-a); and (c) a reasonable sum for expenses pursuant to the New York State Labor Law, N.Y. LAB. Law § 198, all in an amount to be determined at trial and

f)  With regard to the Eighth Claim for Relief: (a) reimbursement of lost wages; (b) reinstatement to the position Plaintiff held prior to his termination, under the same terms and conditions as previously enjoyed; (c) seniority privileges, (d) an equal amount of liquidated and punitive damages as provided by statute; and (e) reasonable attorneys fees, court costs and disbursements incurred in this action in an amount to be determined at trial.

g)  for such other and further relief as may be just and proper.

Dated: Farmingdale, New York
       November 14, 2007

                                               Yours, etc.
                                        **FRANK & ASSOCIATES, P.C.**
                                        Attorneys for Plaintiffs

By: _____
      Neil M. Frank, Esq.(NF0521)
      500 Bi-County Blvd., Suite 112N
      Farmingdale, New York 11735
      (631) 756-0400